08-4238-ag
Yang v. Holder

BIA
Hom, IJ
A079 319 291

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of February, two thousand ten.

PRESENT:

DENNIS JACOBS,
        *Chief Judge,*
PIERRE N. LEVAL,
PETER W. HALL,
        *Circuit Judges.*

_____

JIN YUN YANG,
        *Petitioner,*

        v.                                    08-4238-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*[1]

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:** Durga Prasad Bhurtel, New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Linda S. Wernery, Assistant Director; Susan Bennett Green, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Jin Yun Yang, a native and citizen of China, seeks review of a July 30, 2008 order of the BIA affirming the October 6, 2006 decision of Immigration Judge ("IJ") Sandy K. Hom, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Yun Yang*, No. A079 319 291 (B.I.A. July 30, 2008), *aff'g* No. A079 319 291 (Immig. Ct. N.Y. City Oct. 6, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. DHS,* 494 F.3d 281, 289 (2d Cir. 2007). We review *de novo* questions of law and the application of

2

law to undisputed fact.  *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Although an applicant's credible testimony alone may suffice to carry her burden of proof, an IJ may "require that credible testimony . . . be corroborated in circumstances in which one would expect corroborating evidence to be available and presented in the immigration hearing." *Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009) (internal citation omitted).  Before denying a claim based solely on an applicant's failure to provide corroborating evidence, the agency must "explain specifically, either in its decision or otherwise in the record: (1) why it is reasonable under the BIA's standards to expect such corroboration; and (2) why [the applicant's] proffered explanations for the lack of such corroboration are insufficient." *Diallo v. INS*, 232 F.3d 279, 290 (2d Cir. 2000); *see In re S-M-J-*, 21 I. & N. Dec. 722 , 724 (BIA 1997).

During her initial removal hearing in October 2001, the IJ noted the absence from the record of any medical documentation demonstrating that Yang was forcibly sterilized, any evidence demonstrating that she was fined

for violating the Chinese family planning policy, and any affidavits or testimony from her relatives, including her husband who was in the United States. On remand, Yang was given another opportunity to present such evidence, but failed to do so.

Yang asserts that the agency erred in requiring her to provide evidence that she was forcibly sterilized. However, she herself testified that she had proof that she was sterilized but that she could not find it. Further, Yang testified that she paid a fine to family planning officials but did not recall where she put the receipt. Finally, Yang claimed that her husband could not testify because he was working. As the BIA found, after five years, Yang "did not provide documents that she mentioned in [her] testimony," and failed to provide the testimony of or an affidavit from her husband. Contrary to Yang's assertion that she explained his absence, the BIA reasonably rejected Yang's assertion that her husband could not testify because he had to work, because it did not excuse her failure to provide an affidavit from him. *See Diallo*, 232 F.3d at 290; *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (finding that the agency need not credit an applicant's explanations unless those explanations would compel a reasonable fact-

4

finder to do so). The BIA also noted that Yang did not request a continuance to select a date when her husband could testify.

Ultimately, substantial evidence supports the agency's finding that Yang failed to present reasonably available corroboration and thus failed to meet her burden of establishing eligibility for asylum. *See Diallo*, 232 F.3d at 290. Because Yang was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal or CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang*, 426 F.3d at 523.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk